NO.
12-10-00222-CR

      

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

SA’CAJAN
JAMAY DARDEN,                        '                 APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 SMITH COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

            Sa’Cajan
Jamay Darden appeals his conviction for aggravated assault of a public
servant.  In his sole issue, he argues that the trial court’s judgment
identifies the wrong person as his trial counsel.  We modify the judgment of
the trial court, and as modified, affirm.

 

Background

            In
November 2009, Appellant became involved in a disturbance during which he
pointed a firearm at an officer with the Cherokee County Constable’s Office. 
As a result, Appellant was indicted for aggravated assault with a deadly weapon
committed against a public servant, as well as engaging in organized criminal
activity.  Following an open plea of guilty and sentencing, Appellant was
convicted of aggravated assault of a public servant.  Appellant was sentenced
to fifty years of imprisonment.

 

Judgment

In
his sole issue, Appellant argues that the judgment lists the wrong person as
his trial counsel.  The judgment in a criminal case must list the name of the
defendant’s counsel.  See Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(2) (Vernon Supp. 2010).  The
statute does not specifically state whether trial counsel or appellate counsel,
when they are different, should be listed.  In context, however, it appears
that it is trial counsel who should be listed because the other required
entries relate to the trial or the final hearing in the case.  Id.

Appellant’s
sentence was pronounced on July 7, 2010, and appellate counsel was appointed on
the same day.  The trial court signed its judgment on July 12, 2010.  Appellant
filed his notice of appeal on July 13, 2010.  The judgment lists his appellate
counsel as the “Attorney for Defendant” and does not list the attorney who
represented him at trial.

Appellant
requests that we amend the judgment to delete the name of his appellate counsel
and replace it with the name of his trial counsel, John Jarvis.  The State
joins Appellant’s request. Moreover, the caselaw supports Appellant’s request. 
See Blanton v. State, No. 12-09-00448-CR, 2010 WL 4274774, at *2
(Tex. App.—Tyler Oct. 29, 2010, no pet.) (mem. op., not designated for
publication).  As we stated in Blanton, we have the authority to
modify or reform an incorrect judgment when, as here, we have the necessary
information before us to do so.  See id.; see also Tex. R. App. P. 43.2(b).

The
State agrees that John Jarvis represented Appellant prior to his conviction. 
On July 7, 2010, Jarvis filed a motion to withdraw as counsel following the
final hearing in this case, and the motion was granted that same day. 
According to the reporter’s record, Jarvis represented Appellant through his
sentencing, which preceded the entry of the signed judgment.  Therefore, we
sustain Appellant’s sole issue.

 

Disposition

            We
modify the judgment to reflect that Appellant was represented by
John Jarvis.  As modified, we affirm the judgment of the trial
court. 

 

                                                                                                Brian Hoyle

                                                                                                    
Justice

 

                        

Opinion
delivered January 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO NOT PUBLISH)